UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN A. FAIRWEATHER, <br><br> Petitioner <br><br> v. <br><br> BAINBRIDGE, *et al.*, <br><br> Respondents. | CIVIL ACTION NO. 3:25-CV-00790 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

On May 5, 2025, the court received and docketed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 from Sean A. Fairweather ("Fairweather"), a prisoner confined at the Lackawanna County Prison. (Doc. 1). For the reasons discussed below, the court will dismiss the petition without prejudice.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

In the petition, Fairweather alleges that a February 25, 2025 resentencing violates the double jeopardy, due process, and equal protection clauses of the Constitution. (Doc. 1). Fairweather seeks relief from the February 25, 2025 resentencing. (Doc. 1). In dong so, he names six respondents who are employed by Lackawanna County: (1) Bainbridge; (2) Doug Scott; (3) A.L. Munley; (4) Eugene Eiden; (5) Melissa Colon; and (6) Michael Ossant. (Doc. 1, at 1-2).

The Court issued an administrative order on May 5, 2025 requiring Fairweather to pay the filing fee or apply to proceed *in forma pauperis*. (Doc. 3). Fairweather paid the outstanding filing fee. (Doc. 4). The Court will now screen the petition pursuant to Rule 4.

**II.    DISCUSSION**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4.

In 2004, the Supreme Court made it clear that habeas corpus petitions must be filed against a person:

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid*.

*Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

The Third Circuit has upheld the general rule that a petitioner "should name his warden as respondent and file the petition in the district of confinement." *Anariba v. Director Hudson County Correctional Center*, 17 F.4th 434, 444 (3d Cir. 2021) (stating that "[t]he logic of this rule rests in an understanding that the warden . . . has day-to-day control over the prisoner and . . . can produce the actual body").

Here, Fairweather has named six individuals as the respondents. None of the six named are the Warden at Lackawanna County Prison. Therefore, this petition will be dismissed without prejudice. Should Fairweather wish to challenge the underlying state conviction, he may timely file an amended petition in the above captioned case. Failure to timely file an amended petition will result in the case being closed. Should Fairweather seek to bring constitutional challenges against employees of Lackawanna County Prison under 42 U.S.C. § 1983, he may file a prisoner's civil rights complaint under a new case number.

2

**III.    CONCLUSION**

    Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus without prejudice. (Doc. 1). An appropriate Order shall issue.

**Dated: June 11, 2025**                                                                                              *s/ Karoline Mehalchick*
                                                                                                    **KAROLINE MEHALCHICK**
                                                                                                    **United States District Judge**