UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN A. FAIRWEATHER,<br><br>        Petitioner<br><br>v.<br><br>BAINBRIDGE, *et al.*,<br><br>        Respondents. | CIVIL ACTION NO. 3:25-CV-00790<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

On July 17, 2025, the Court received and docketed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 from Sean A. Fairweather ("Fairweather"), a prisoner confined at the Lackawanna County Prison[1]. (Doc. 15). That same day, the Court received a notice of election from Fairweather requesting that his petition be withdrawn. (Doc. 17). Because the request to withdraw the petition and the amended petition were filed concurrently, the Court construes the request to withdraw the petition as a request to withdraw the previously filed petitions and to treat the amended petition as the operative pleading in this action.[2] The Court will screen this amended petition, will dismiss all respondents except Warden Timothy Betti ("Betti"), and will serve the amened petition on Respondent Betti.

---

[1] Fairweather has since been relocated to the State Correctional Institution in Dallas, Pennsylvania. (Doc. 21).

[2] If it is Fairweather's intention to withdraw the petition docketed on July 17, 2025, he must file a letter expressing such.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On May 5, 2025, the Court received and docketed a petition for writ of habeas corpus in which Fairweather alleged that a February 25, 2025 resentencing violates the double jeopardy, due process, and equal protection clauses of the Constitution. (Doc. 1). Fairweather sought relief from the February 25, 2025 resentencing. (Doc. 1). In doing so, he named six respondents who were employed by Lackawanna County: (1) Bainbridge; (2) Doug Scott ("Scott"); (3) A.L. Munley ("Munley"); (4) Eugene Eiden ("Eiden"); (5) Melissa Colon ("Colon"); and (6) Michael Ossant ("Ossant"). (Doc. 1, at 1-2).

The Court issued an administrative order on May 5, 2025 requiring Fairweather to pay the filing fee or apply to proceed *in forma pauperis*. (Doc. 3). Fairweather paid the outstanding filing fee. (Doc. 4). The Court screened the petition pursuant to Rule 4. (Doc. 7; Doc. 8). The Court dismissed the petition for failing to name a proper respondent and granted Fairweather the opportunity to file an amended petition. (Doc. 7; Doc. 8).

On June 27, 2025, the Court received and docketed an amended petition. (Doc. 10). This amended petition named the same six respondents and Respondent Betti, the Warden at Lackawanna County Prison, and again alleged that a February 25, 2025 resentencing violated the double jeopardy, due process, and equal protection clauses of the Constitution. (Doc. 10). On June 30, 2025, the Court entered an order setting forth the limitations of filing a subsequent Section 2254 petition and granting Fairweather the opportunity to withdraw his petition if it was not complete. (Doc. 12).

On July 17, 2025, the Court received and docketed another amended petition and a notice of election form requesting that the court withdraw Fairweather's petition: "I chose to withdraw the petition so that I may file one, all-inclusive petition under 28 U.S.C. § 2254

within the one-year limit for filing such a petition." (Doc. 15; Doc. 17). This amended petition named the following eight respondents: (1) Betti; (2) Scott; (3) Pennsylvania State Parole Supervisor; (4) Munley; (5) Eiden; (6) Colon; (7) Ossant; and (8) Andrew Krowaik ("Krowaik"), Assistant District Attorney for Lackawanna County. (Doc. 15, at 2).

## II. DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4.

In 2004, the Supreme Court made it clear that habeas corpus petitions must be filed against a person:

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid*.

*Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

The Third Circuit has upheld the general rule that a petitioner "should name his warden as respondent and file the petition in the district of confinement." *Anariba v. Director Hudson County Correctional Center*, 17 F.4th 434, 444 (3d Cir. 2021) (stating that "[t]he logic of this rule rests in an understanding that the warden . . . has day-to-day control over the prisoner and . . . can produce the actual body").

Here, the only appropriate respondent in this action is the Warden of Lackawanna County Prison, Respondent Betti. Therefore, the other seven individuals named as respondents will be dismissed from the action.

3

**III.    CONCLUSION**

    Based on the foregoing, the Court will dismiss Bainbridge, Scott, Munley, Eiden, Colon, Ossant, and Krowaik as parties to this action. The amended petition for writ of habeas corpus will be served upon Respondent Betti.

**Dated: November 14, 2025**　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**