UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN A. FAIRWEATHER,<br><br>                Petitioner<br><br>    v.<br><br>BAINBRIDGE, *et al.*,<br><br>                Respondents. | CIVIL ACTION NO. 3:25-CV-00790<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

On November 21, 2025, the Court received and docketed a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 from Sean A. Fairweather ("Fairweather"), a prisoner confined at the Lackawanna County Prison[1]. (Doc. 29). On November 26, 2025, the Court received a letter requesting that the second amended petition be read as a supplemental petition. (Doc. 30). The Court will screen this second amended petition, will dismiss all respondents except Warden Timothy Betti ("Betti"), substitute Jasen Bohinski ("Bohinski") for Betti as Respondent in this action and will serve the amended petition and the second amened petition on Respondent Bohinski.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On May 5, 2025, the Court received and docketed a petition for writ of habeas corpus in which Fairweather alleged that a February 25, 2025 resentencing violates the double jeopardy, due process, and equal protection clauses of the Constitution. (Doc. 1). Fairweather

---

[1] Fairweather has since been relocated to the State Correctional Institution in Dallas, Pennsylvania. (Doc. 21).

sought relief from the February 25, 2025 resentencing. (Doc. 1). In doing so, he named six respondents who were employed by Lackawanna County: (1) Bainbridge; (2) Doug Scott ("Scott"); (3) A.L. Munley ("Munley"); (4) Eugene Eiden ("Eiden"); (5) Melissa Colon ("Colon"); and (6) Michael Ossant ("Ossant"). (Doc. 1, at 1-2).

The Court issued an administrative order on May 5, 2025 requiring Fairweather to pay the filing fee or apply to proceed *in forma pauperis*. (Doc. 3). Fairweather paid the outstanding filing fee. (Doc. 4). The Court screened the petition pursuant to Rule 4. (Doc. 7; Doc. 8). The Court dismissed the petition for failing to name a proper respondent and granted Fairweather the opportunity to file an amended petition. (Doc. 7; Doc. 8).

On June 27, 2025, the Court received and docketed an amended petition. (Doc. 10). This amended petition named the same six respondents and Respondent Betti, the Warden at Lackawanna County Prison, and again alleged that a February 25, 2025 resentencing violated the double jeopardy, due process, and equal protection clauses of the Constitution. (Doc. 10). On June 30, 2025, the Court entered an order setting forth the limitations of filing a subsequent Section 2254 petition and granting Fairweather the opportunity to withdraw his petition if it was not complete. (Doc. 12).

On July 17, 2025, the Court received and docketed another amended petition and a notice of election form requesting that the court withdraw Fairweather's petition: "I chose to withdraw the petition so that I may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one-year limit for filing such a petition." (Doc. 15; Doc. 17). This amended petition named the following eight respondents: (1) Betti; (2) Scott; (3) Pennsylvania State Parole Supervisor; (4) Munley; (5) Eiden; (6) Colon; (7) Ossant; and (8) Andrew Krowaik ("Krowaik"), Assistant District Attorney for Lackawanna County. (Doc. 15, at 2).  On

November 14, 2025, the court screened this petition and dismissed all respondents except Respondent Betti and served the amended petition on Respondent Betti. (Doc. 26; Doc. 27).

On November 21, 2025, the court received and docketed a second amended petition naming the following twelve respondents: (1) Bainbridge; (2) Scott; (3) Pennsylvania Board of Probation and Parole; (4) Colon; (5) Judge Michael J. Barrasse ("Barrasse"); (6) Jasen Bohinski ("Bohinski"), Superintendent for SCI-Dallas; (7) Krowiak; (8) Betti; (9) Eugene Eiden; (10) Lackawanna County; (11) Lackawanna County District Attorney's Office and (12) all citizens of the state, county, or municipality that employs them. (Doc. 29).

On November 26, 2025 and November 28, 2025, the Court received and docketed letters from Fairweather requesting that the second amended petition be deemed a supplemental petition to the amended petition served on November 14, 2025. (Doc. 30; Doc. 31).

## II.   DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4.

In 2004, the Supreme Court made it clear that habeas corpus petitions must be filed against a person:

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid*.

*Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

3

The Third Circuit has upheld the general rule that a petitioner "should name his warden as respondent and file the petition in the district of confinement." *Anariba v. Director Hudson County Correctional Center*, 17 F.4th 434, 444 (3d Cir. 2021) (stating that "[t]he logic of this rule rests in an understanding that the warden . . . has day-to-day control over the prisoner and . . . can produce the actual body").

At the time his case was initiated, Fairweather was housed at Lackawanna County Prison making Betti the proper Respondent in this action. However, since initiating the action, Fairweather was transferred to SCI-Dallas. (Doc. 21). The court will therefore substitute the appropriate Respondent in this case as Bohinski, Superintendent for SCI-Dallas. As such, all Respondents except Bohinski will be dismissed as parties to this action.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss all Respondents as parties to this action except Bohinski. The amended petition and the second amended petition for writ of habeas corpus, which will serve as a supplemental petition, will be served upon Respondent Bohinski and a copy of this order will be forwarded to Betti considering he was served on November 14, 2025.

Dated: December 5, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**