**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

SEAN A. FAIRWEATHER,

        Petitioner

    v.

BAINBRIDGE, *et al.*,

        Respondents.

CIVIL ACTION NO. 3:25-CV-00790

(MEHALCHICK, J.)

**MEMORANDUM**

On June 27, 2025, the Court received and docketed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 from Sean A. Fairweather ("Fairweather"), a prisoner confined at the Lackawanna County Prison at the time of filing. (Doc. 10). Pending before the Court are a motion to dismiss from the Respondent Jasen Bohinski ("Bohinski"), the Warden at State Correctional Institution Dallas ("SCI-Dallas") where Fairweather now resides, and multiple motions from Fairweather seeking default or summary judgment in the case and a motion for injunctive relief. (Doc. 45; Doc. 48; Doc. 49; Doc. 50; Doc. 52; Doc. 57). Fairweather's action remains pending in state Court. Therefore, the Court will grant Bohinski's motion to dismiss and dismiss the petition without prejudice. Fairweather's remaining motions will be denied as moot.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On May 5, 2025, the Court received and docketed a petition for writ of habeas corpus in which Fairweather alleged that a February 25, 2025 resentencing violates the double jeopardy, due process, and equal protection clauses of the Constitution. (Doc. 1). Fairweather sought relief from the February 25, 2025 resentencing. (Doc. 1). In doing so, he named six

respondents who were employed by Lackawanna County: (1) Bainbridge; (2) Doug Scott; (3) A.L. Munley; (4) Eugene Eiden; (5) Melissa Colon; and (6) Michael Ossant. (Doc. 1, at 1-2).

The Court issued an administrative order on May 5, 2025 requiring Fairweather to pay the filing fee or apply to proceed *in forma pauperis*. (Doc. 3). Fairweather paid the outstanding filing fee. (Doc. 4). The Court screened the petition pursuant to Rule 4. (Doc. 7; Doc. 8). The Court dismissed the petition for failing to name a proper respondent and granted Fairweather the opportunity to file an amended petition. (Doc. 7; Doc. 8).

On June 27, 2025, the Court received and docketed an amended petition. (Doc. 10). On June 30, 2025, the Court received and docketed a second amended petition. (Doc. 13). On July 17, 2025, the Court received and docketed a third amended petition. (Doc. 15). On November 14, 2025, the Court entered an order directing the dismissal of all respondents except the Warden Betti, the Warden of Lackawanna County Prison and directing the third amended complaint be served on Betti. (Doc. 27). On November 14, 2025, the Court received and docketed a fourth amended petition. (Doc. 29). On December 5, 2025, the Court entered an order deeming this fourth amended petition as a supplement to the third amended petition, dismissing all Respondents except Betti, and substituting Bohinski, the Warden for SCI-Dallas, for Betti as the sole Respondent because Fairweather was transferred to SCI-Dallas prior the supplemental petition. (Doc. 34; Doc. 35). The Court directed service on Bohinski. (Doc. 35).

Bohinski sought an extension of time in which to respond to the petition, which was granted by the Court on January 14, 2026. (Doc. 43; Doc. 44). Fairweather filed his first motion for default judgment, motion for summary judgment, and motion for injunctive relief the next day. (Doc. 45; Doc. 48; Doc. 49). On January 20, 2026, Bohinski filed a motion to

dismiss with the docket sheet of *Commonwealth v. Fairweather*, No. 512 MDA 2025 (Pa. Super. Ct.) demonstrating that the criminal action was still pending on appeal at the Superior Court of Pennsylvania.  (Doc. 50; Doc. 50-1). Fairweather then filed a second motion for default on January 29, 2026 arguing that the motion for an extension of time did not negate the need to file a timely response to the petition. (Doc. 52). On February 9, 2026, the Court received and docketed Fairweather's third motion for default arguing that the motion to dismiss from Bohinski did not constitute a response to the petition. (Doc. 57). On March 9, 2026, the Court received and docketed Fairweather's brief in opposition of the motion to dismiss. (Doc. 60).

The Court will now address the pending motions, starting with Bohinski's motion to dismiss.

## II.    DISCUSSION

### A.  BOHINSKI'S MOTION TO DISMISS

A federal court may not grant a writ of habeas corpus on a claim brought by an individual in custody pursuant to a state court judgment unless: (1) "the applicant has exhausted the remedies available in the courts of the State;" (2) "there is an absence of available State corrective process;" or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also Wilkerson v. Sup't Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017).  Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  Thus, when a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts will typically refuse to entertain a petition for writ of

habeas corpus. *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). It is the petitioner who bears the burden of establishing the exhaustion requirement has been satisfied. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

"[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To satisfy the exhaustion requirement, a petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. *Id.* at 845 (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion is considered satisfied). In Pennsylvania, the exhaustion requirement is satisfied if a federal claim is "fairly presented" to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). To "fairly present" a claim, the petitioner must present his or her "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

As is apparent from Bohinski's motion and the docket for the Pennsylvania Superior Court that there has been no final order on Fairweather's appeal. Given the pendency of Petitioner's state court appellate proceedings, the Court concludes that it is appropriate to dismiss the above-captioned because Fairweather's brief in opposition did not address any potential timeliness issues with dismissing the case. (Doc. 60); *See Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004); *Whitney*, 280 F.3d at 250. This dismissal will be without prejudice.

B. FAIRWEATHER'S REMAINING MOTIONS

In this instance, Bohinski timely sought an extension of time and responded to the petition with a motion to dismiss. Therefore, all three of Fairweather's motion for default will be denied as moot.

As for the pending motion for summary judgment, the Court notes that there is a dispute among the circuits as to whether summary judgment proceedings are applicable to petitions filed under 28 U.S.C. § 2254. *See Stephens v. Dieter*, No. 3:25-337, 2026 WL 819605. *6 (M.D. Pa. Mar. 25, 2026). Since the motion to dismiss will be grated based on Fairweather's failure to exhaust his state court remedies, the Court need not address the circuit split at this time. Instead, the pending motion for summary judgment will be denied as moot.

Turning to the motion for injunctive relief in which Fairweather requests compensation for each day incarcerated and protection form retaliation (Doc. 49), the Court finds that since the petition will be dismissed for failing to exhaust the state court remedies, the motion will be denied as moot.

III. **CONCLUSION**

Based on the foregoing, the Court will dismiss the petition without prejudice, deny all motions for default as moot, deny the motion for summary judgment as moot deny the motion for injunctive relief as moot, and close the case. Because jurists of reason would not find the procedural disposition of this case debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), no certificate of appealability will issue. An appropriate order follows.

Dated: April 2, 2026                    *s/ Karoline Mehalchick*
                                        **KAROLINE MEHALCHICK**
                                        **United States District Judge**